IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRANTY MICHEL,

    Petitioner,

v.                                                    CASE NO. 4:06-cv-127-MMP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's petition for writ of habeas corpus.[1] Doc. 1. Respondent has filed a response and exhibits, Docs. 10 & 11, and Petitioner has filed a reply. Doc. 13. This cause is therefore in a posture for decision.[2] Having carefully considered the matter, the Court recommends that the writ of habeas corpus be denied.

## BACKGROUND

Petitioner was charged with one count of lewd and lascivious conduct involving a victim under the age of 16. Doc. 11, Ex. A. Shortly before trial, the State moved in limine pursuant to the Florida rape shield law "to prohibit any and all argument, testimony, or evidence regarding the victim's past sexual contact." *Id*. According to the State, it believed that Defendant might attempt to introduce evidence or testimony "that the victim may have had sexual relations with other persons or been molested at another time previous to this incident." *Id*.

---

[1]This cause was administratively reassigned to the undersigned on September 10, 2007.

[2]Petitioner was released from prison on September 20, 2007, onto sex offender probation. *See* http://www.dc.state.fl.us/ActiveOffenders. His release does not moot the instant petition.

The court held a hearing on the motion. At that time, counsel for Petitioner advised the court that consent was not an issue; instead, the defense was going to be "that my client didn't touch this other person; the victim wasn't there." Doc. 11, Ex. B. He further advised the court that the information that "we would elicit would be that the victim has made an accusation towards somebody else before, a prior incident of a touching. And...this other incident of prior touching also had a deal with a phone, just like our incident." *Id*. In response, the State advised the court that the perpetrator of the prior molestation had entered a plea and been adjudicated guilty and was in prison. *Id*. Petitioner argued that the state law must give way to Petitioner's constitutional right to confrontation and to present a full and fair defense. *Id*.

The court granted the motion, finding that it would be unfair and legally irrelevant and would misguide the jury and call for speculation to imply that the victim had fabricated the incident involving Petitioner and the other defendant when the perpetrator of the prior incident was in jail. *Id*.

During voir dire, the State used a peremptory challenge to strike an African-American juror. The juror in question advised the court as follows:

> My name is April McCray. I'm a student at Stetson University. I'm home now for the summer working for State Farm. I'm not married. I don't have any children. I've been a resident of Leon County for 20 years. I've never been on a jury before. I don't have any friends or relatives in law enforcement.
>
> My ex-boyfriend was convicted of sexual battery three months ago, and he got 12 years, which I thought was ridiculous. No. 8, I was actually the victim of a lewd and lascivious crime when I was13. And my mom--the person who was fixing her car stole it and wrecked it. And No. 9 is yes.

Doc. 11, Ex. C. When the State used one of its peremptory challenges to strike McCray, Petitioner's attorney asked that the State give a race-neutral reason for the challenge. *Id*. The

court interrupted, saying:

> Name it. I've heard plenty. Her whole discussion, it is a race-neutral reason. She is obviously upset over prosecution of her boyfriend, thought doing 12 years was ridiculous. She indicated she was a victim of lewd and lascivious, which may or may not go for or against your client. I have no idea where it goes. But it is certainly all good reasons for a peremptory.

*Id*.

The jury convicted Petitioner as charged. The court denied his subsequent motion for new trial and later sentenced him to five years imprisonment and ten years of sexual offender probation. Petitioner appealed, raising as issues, inter alia, a claim that the court had improperly substituted its own race-neutral reason for the striking of McCray for that of the State's, and a claim that the court erred in granted the motion in limine preventing Petitioner from cross-examining the victim regarding past allegations of sexual misconduct. Doc. 11, Ex. F.

The appellate court affirmed per curiam without written opinion. Doc. 11, Ex. J; *Franty v. State*, 896 So.2d 750 (Fla. Dist. Ct. App. 2005). It subsequently denied rehearing. Doc. 11, Ex. M.

Petitioner then filed a Rule 3.850 motion for post-conviction relief. Doc. 11, Ex. O. In his motion, Petitioner raised three grounds of ineffective assistance of counsel, including counsel's failure to renew his objection to the peremptory striking of McCray. *Id*. As to that claim, the court found:

> It appears from the record that counsel did properly object to the State's strike....Therefore, trial counsel's performance cannot be deemed ineffective; an objection to the trial court's determination would not have been proper.
>
> Additionally, Defendant's claim that counsel was ineffective for failing to preserve this issue for appeal because he did not renew objections before jury was sworn also fails. The record clearly shows that the court explicitly acknowledged counsel's effort to preserve the record....

*Id*.  Petitioner's motion for rehearing was summarily denied.  *Id*.

Petitioner appealed the court's ruling, which was affirmed without written opinion.  Doc. 11, Ex. S; *see also Michel v. State*, 924 So.2d 816 (Fla. Dist. Ct. App. 2006).

The instant petition for habeas relief followed.  On this occasion, Petitioner raises two claims, each of which will be addressed in turn.

## DISCUSSION

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  *Williams*, 529 U.S. at 405.  A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent."  *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits,

not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Finally, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

   1.   Motion in limine.

In this claim, Petitioner charges that his due process rights were violated when the trial court granted the State's motion in limine and prevented him from cross-examining the victim regarding past allegations of sexual misconduct. Doc. 1.

"As a general rule, a federal court in a habeas corpus case will not review the trial court's actions concerning the admissibility of evidence," *Alderman v. Zant*, 22 F.3d 1541, 1555 (11th Cir. 1994), since the state court "has wide discretion in determining whether to admit evidence at trial, and may exclude material evidence when there is a compelling reason to do so." *Lynd v. Terry*, 470 F.3d 1308, 1314 (11th Cir. 2006); *see also Baxter v. Thomas*, 45 F.3d 1501, 1509 (11th Cir. 1985) (federal habeas corpus is not vehicle to correct evidentiary rulings); *Boykins v. Wainwright*, 737 F.2d 1539, 1543 (11th Cir. 1984) (federal courts are not empowered to correct erroneous evidentiary rulings in state court except where rulings deny petitioner fundamental constitutional protections). However, where the petitioner claims that the state court's evidentiary ruling deprived him of due process, the habeas court asks only whether the error was of such magnitude as to deny the petitioner his right to a fair trial, i.e., whether the error "was material as regards a critical, highly significant factor." *Alderman*, 22F.3d at 1555; *see also Kight v. Singletary*, 50 F.3d 1539, 1546 (11th Cir. 1995) (state court evidentiary rulings reviewed

only to determine whether error was of such magnitude as to deny petitioner right to fair trial).

In *Chambers v. Mississippi*, 410 U.S. 284 (1973), the Supreme Court conducted a very specific analysis to conclude that the defendant's due process rights were violated by the court's refusal to allow the defendant to impeach the testimony of McDonald, who had confessed to the murder at issue and then recanted that confession, and by its exclusion of evidence from three witnesses that McDonald had confessed the murder to them. Subsequently, the Court recognized that *Chambers* represented "an exercise in highly case-specific error correction," and stated:

> Thus, the holding of *Chambers*–if one can be discerned from such a fact-intensive case–is certainly not that a defendant is denied "a fair opportunity to defend against the State's accusations" whenever "critical evidence" favorable to him is excluded, but rather that erroneous evidentiary rulings can, in combination, rise to the level of a due process violation.

*Montana v. Egelhoff*, 518 U.S. 37, 52-53 (1996). The *Chambers* Court itself recognized the limited nature of its ruling, stating:

> [W]e establish no new principles of constitutional law. Nor does our holding signal any diminution in the respect traditionally accorded to the States in the establishment and implementation of their own criminal trial rules and procedures. Rather, we hold quite simply that under the facts and circumstances of this case the rulings of the trial court deprived Chambers of a fair trial.

*Chambers*, 410 U.S. at 302-03.

In this case, the record establishes that Defendant was not entitled under the plain language of the rape shield law to present testimony regarding the victim's past sexual activities or to cross-examine her about it. *See* Fla. Stat. Ann. § 794.22. He certainly was entitled to impeach her testimony through inconsistencies or through other witnesses regarding her reputation for truthfulness. If the previous perpetrator had not entered a

plea to molesting the child and been adjudicated guilty for that crime, then perhaps the court could have been persuaded that Petitioner should be allowed to impeach the child's character through specific instances of untruthfulness. *See* Fla. R. Evid. 90.404(b) & 90.405. However, it was certainly within its discretion to suppress the evidence under the circumstances. Furthermore, even if the evidence was relevant and admissible, the court found it inadmissable under the reasoning of Rule 90.403, which allows the exclusion of relevant evidence if the probative value is outweighed by confusion of the issues or misleading the jury. Thus, this Court cannot say that Petitioner was denied a fundamentally fair trial because of the exclusion of this evidence.

  2.  Peremptory challenge.

In this claim, Petitioner argues that counsel was ineffective for failing to renew the objection to the exclusion of McCray as a juror in this case. This claim was plainly considered on the merits in state court, and the Court agrees with that ruling that counsel did not act deficiently in failing either to demand that the State, as opposed to the court, articulate a race-neutral reason for McCray's exclusion, when the reasons were patently obvious, or to renew his demand for a reason at a later time. He most certainly cannot show that the outcome of jury selection would have been different if he had demanded the explanation from the State, and there is nothing to suggest that the issue was not preserved for appellate consideration.

This claim is without merit, and therefore, the Court cannot say that the state court ruling is neither contrary to nor an unreasonable application of Supreme Court law.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and that this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this <u>10th</u> day of March, 2008.

S/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**